United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE RMOF REO ACQUISITION, II, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMUEL D. GAETOS and EMILY GAETOS,<br><br>    Defendants.<br>_____ / | No. C 10-03848 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS FEES (Docket No. 6) |

    Plaintiff Selene RMOF Acquisition, II, LLC, moves for an order remanding this case to the Superior Court of the City and County of San Francisco, and further moves for attorneys' fees in the sum of $3,737.50.  Pro se Defendants have failed to oppose Plaintiff's motion, and the Court denies their motion for a continuance.  For the reasons explained below, the Court GRANTS Plaintiff's motion for remand, and DENIES Plaintiff's motion for attorney fees.

I. Background

    Defendants are currently residing in a single family home in San Francisco, California.  Their mortgage went into default, and on January 23, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded.  Wells Fargo Bank proceeded with foreclosure as a Trustee.  On November 4, 2009, a Grant Deed was recorded transferring ownership of the subject property to

Plaintiff. On October 5, 2009, Plaintiff's prior counsel filed an unlawful detainer action against Defendants in San Francisco Superior Court. The matter was closed when Plaintiff's prior counsel failed to appear for trial. On August 3, 2010, present counsel reinstituted the unlawful detainer action in San Francisco Superior Court, CUD 10-633956. On August 27, 2010, Defendants removed the state action to federal court, citing federal question jurisdiction. Docket No. 1.

II. Motion for Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. See id. Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly plead complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

From the Notice of Removal, it appears that Defendants sought federal jurisdiction based on federal law they intended to rely on

2

to defend against the unlawful detainer action.  Specifically, Defendants cited the Federal Fair Debt Collection Practices Act and the Truth in Lending Act, among other provisions.  A federal defense, however, is not part of a plaintiff's properly plead statement of his or her claim.  Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.")).  Thus, the requirements of federal question jurisdiction are not satisfied and the Court does not have subject matter jurisdiction to hear the case.[1]

III. Motion for Attorneys' Fees

Plaintiff seeks an order compelling Defendants to reimburse it for attorneys' fees it incurred in connection with the improper removal.  Title 28 U.S.C. § 1444(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1444(c), only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The Court declines to award attorneys' fees and costs incurred in seeking this remand because Defendants' removal petition was not entirely lacking a reasonable basis in

---

[1] Because the Court remands this action to state court based on a lack of a federal question, it need not address Plaintiff's remaining arguments.

3

law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this action to state court and DENIES Plaintiff's request for attorney fees. (Docket No. 6).  The hearing set for October 19, 2010 is VACATED.  The Clerk shall remand the case to the Superior Court for San Francisco County.

IT IS SO ORDERED.

Dated: 10/8/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SELENE RMOF REO ACQUISITION II, LLC,

        Plaintiff,

v.

SAMUEL D GAETOS et al,

        Defendant.

Case Number: CV10-03848 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Emily Gaetos
750 Goettingen Street
San Francisco, CA 94134

Samuel D. Gaetos
750 Goettingen Street
San Francisco, CA 94134

Dated: October 8, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk